**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**CHRISTOPHER ARMIJO,**

        **Applicant,**

**v.**                                                                           **CIV-07-0105 MCA/LAM**

**RICK LOONEY, WARDEN, et al.,**

        **Respondents.**

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION (*Doc. 24*)**

      **THIS MATTER** is before the Court on the Magistrate Judge's proposed findings and recommended disposition (hereinafter, "PF&RD") (*Doc. 24*), filed on June 18, 2008.  Applicant Christopher Armijo has filed timely objections (*Doc. 27*) to the PF&RD and the deadline for filing objections has passed.[1]  Respondents did not file any objections to the PF&RD or any response to Mr. Armijo's objections.  The Court has conducted a *de novo* review of those portions of the PF&RD to which Mr. Armijo objects and finds that the objections are without merit.  Accordingly, the Court has determined that it will overrule Mr. Armijo's objections; adopt the PF&RD; deny Mr.

---

[1]On June 25, 2008, Mr. Armijo filed a motion (*Doc. 25*) requesting an extension of time to file objections to the PF&RD.  The Magistrate Judge granted him an extension of time to file objections in an order (*Doc. 26*) filed on June 30, 2008, making the objections due on or before July 25, 2008.  In the certificate of service contained in his objections, Mr. Armijo appears to certify that he mailed his objections to the Court and Respondents' counsel through the United States Postal Service on July 24, 2008.  *See* Petitioner's Christopher Armijo's Objections to the Proposed Findings and Recommended Disposition (*Doc. 27*) at 46.  The mailing envelope in which the Court received the objections bears a metered United States postage stamp showing a mailing date of July 28, 2008.  *See Document 27-4* at 33.  The objections were received by the Court, and filed, on July 29, 2008.  *Id.*  For purposes of discussion, the Court assumes, without deciding, that Mr. Armijo's objections were timely filed under the so-called "mailbox rule."  *See LaVoy v. Snedeker*, No. 03-765, 2004 WL 3777537 (D.N.M. June 30, 2004) (unpublished) at *1 (court assumed, without deciding, that unsworn certificate of service was sufficient to establish the date that petitioner delivered his objections to the prison for mailing and, therefore, considered his objections to be timely under the "mailbox rule.").  Respondents have not disputed the timeliness of Mr. Armijo's objections.

Armijo's application for habeas relief under 28 U.S.C. § 2254 (*Doc. 1*) as without merit; and enter a judgment dismissing this case with prejudice.  In connection with its *de novo* review, the Court has not considered Mr. Armijo's amendment to his objections (*Doc. 28*), filed on August 7, 2008, which was untimely filed.

### *Standard of Review*

Pursuant to 28 U.S.C. § 636(b)(1), a party may object to a magistrate judge's proposed findings and recommended disposition by filing and serving written objections within ten days after being served with a copy of the proposed findings and recommended disposition.  When timely objections are filed, the district court must review *de novo* those portions of the proposed findings and recommended disposition to which objections are made.  *Id.*  In conducting its *de novo* review, the district court is not required to make specific findings but instead may simply indicate that it has undertaken the requisite review.  *Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000).

Objections to a magistrate judge's proposed findings and recommended disposition must be specific.  *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for *de novo* review by the district court or for appellate review.").  Moreover, a party filing objections must specifically identify those findings or recommendations to which objections are being made.  *See* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination *of those portions of the report or specified proposed findings or recommendations to which objection is made*.").  Generally, issues raised for the first time in objections to a magistrate judge's proposed findings and recommended disposition are deemed waived.  *See United States v. Garfinkle*, 261 F.3d 1030, 1031

(10th Cir. 2001) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)); *see also Perkis v. Sirmons*, No. 06-6147, 201 Fed. Appx. 648, 2006 WL 3012880, at **3 (10th Cir. Oct. 24, 2006) (unpublished) (cited for persuasive value only) (claims not included in habeas petition and raised for the first time in objections to magistrate's recommended decision were deemed waived).

### *Analysis*

Mr. Armijo, who appears *pro se*, filed forty-six pages of objections to the PF&RD (*Doc. 27*), with one-hundred and forty-one pages of exhibits attached (*Docs. 27-2 through 27-4*). He asserts multiple objections to the Magistrate Judge's proposed findings and her recommendation to deny his application for habeas relief under 28 U.S.C. § 2254 and dismiss this case with prejudice. Because Mr. Armijo appears *pro se*, the Court construes his objections liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court does not serve as his advocate in ascertaining and construing his claims. *See Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

### *Additional Evidence*

Mr. Armijo has included exhibits as attachments to his objections that were not presented to the Magistrate Judge and he has given no reason for failing to present these exhibits to the Magistrate Judge prior to the issuance of the PF&RD. These exhibits are not authenticated and not all of the exhibits are referenced in the objections. The Court is not obligated to consider evidence introduced for the first time in objections to the Magistrate Judge's proposed findings and recommended disposition. 28 U.S.C. § 636(b)(1) ("The [district] judge *may* . . . receive further evidence or recommit the matter to the magistrate judge with instructions.") (emphasis added). The decision of whether to accept further evidence is within the Court's discretion. *Doe v. Chao,*

306 F.3d 170, 183 n.9 (4th Cir. 2002) (holding that decision whether to receive additional evidence "rests within the sound discretion of the district court"); *Drew v. Department of Corrections*, 297 F.3d 1278, 1289 n.4 (11th Cir. 2002) (holding that district court has discretion to decline to consider supplemental evidence not presented to the magistrate judge). Having reviewed the exhibits attached to Mr. Armijo's objections, the Court has determined that it will not accept these exhibits as supplemental evidence in this case.

*Objection Regarding AEDPA Standard of Review*

As his first objection, Mr. Armijo contends that this case is not governed by the deferential standards of review for state court decisions established by the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter, "AEDPA"), Publ. L. No. 104-132, 110 Stat. 1214 (1996). *See* 28 U.S.C. § 2254(d) and (e)(1). In a conclusory argument, Mr. Armijo contends that the AEDPA deference does not apply because the state courts failed to conduct an evidentiary hearing on his state habeas claims and, therefore, he was denied an adequate opportunity to develop the factual basis for his claims in the state habeas proceeding. *See* Petitioner Christopher Armijo's Objections to the Proposed Findings and Recommended Disposition (*Doc. 27*) at 1-3. He argues that his habeas claims should be reviewed under a *de novo* standard. *Id.*

Mr. Armijo does not describe any proffer of evidence that he made in the state habeas proceeding or any evidence that he would have introduced if granted an evidentiary hearing in that proceeding. Moreover, the record indicates that he failed to seek an evidentiary hearing on direct appeal or in the state habeas proceeding at the district court level. *See* Answer (*Doc. 12*), Exhibit D (*Doc. 12-2* at page numbered 14 in the Court's CM-ECF electronic docketing system), Exhibit E (*Doc. 12-2* at pages numbered 15-21 in the Court's CM-ECF electronic docketing system), Exhibit H (*Doc. 12-3* at page numbered 6 in the Court's CM-ECF electronic docketing system),

Exhibit I (*Doc. 12-3* at pages numbered 7-9) in the Court's CM-ECF electronic docketing system), Exhibit M (*Doc. 12-4* at pages numbered 1-8 in the Court's CM-ECF electronic docketing system), Exhibit O (*Doc. 12-5* at pages numbered 1-6 in the Court's CM-ECF electronic docketing system) and Exhibit U (*Doc. 12-6* at pages numbered 4-22 in the Court's CM-ECF electronic docketing system). Mr. Armijo's request for a "full hearing on the petition" on remand to the district court, contained in a check-marked box on his pre-printed petition for writ of certiorari filed with the New Mexico Supreme Court in the state habeas proceeding which was denied, was conclusory and failed to describe any evidence that he would have presented if the request had been granted. *See* Answer (*Doc. 12*), Exhibit W (*Doc. 12-7* at page numbered 5 in the Court's CM-ECF electronic docketing system).

The Court rejects Mr. Armijo's argument on this point for two reasons. First, by failing to include this argument in his federal habeas petition, Mr. Armijo waived the right to assert this argument in his objections where he raised it for the first time. *See United States v. Garfinkle*, 261 F.3d at 1031; *Perkis v. Sirmons*, 2006 WL 3012880 at \*\*3.[2] Second, to the extent that this argument is not deemed waived, it has no merit. "[I]t is well established in this Circuit that when a state court's disposition of a mixed question of law and fact, including a claim of ineffective assistance, is based on an incomplete factual record, through no fault of the defendant, and the complete factual record has since been developed and is before this Court, we apply de novo review to our evaluation of the underlying claim." *Wilson v. Sirmons*, ___ F.3d ___, No. 06-5179, 2008 WL 3166975, at \*9 (10th Cir. August 8, 2008) (citing *Bryan v. Mullin*, 335 F.3d 1207, 1215

---

[2] The Court notes that there are references in Mr. Armijo's reply filed in this proceeding to the absence of an evidentiary hearing in the state court proceedings and to what Mr. Armijo describes as "inadequate fact findings." *See* Reply in Opposition to the Respondents' Answer (Doc. 12) (*Doc. 16*) at 7. However, these references are extremely brief and conclusory.

5

(10th Cir. 2003) (en banc); *Miller v. Champion*, 161 F.3d 1249, 1254 (10th Cir. 1998)). However, in this case Mr. Armijo has not shown that the factual record is incomplete or that he diligently sought to develop the factual record in the state habeas proceeding but was prevented from doing so. Nor has he shown that an evidentiary hearing is warranted to develop the factual record in this case, as discussed below. Thus, the Court concludes that AEDPA's deferential standard of review applies to this case.

*Objection Regarding Evidentiary Hearing*

As his second objection, Mr. Armijo contends that the Magistrate Judge erred in concluding that this case could be decided on the record, without an evidentiary hearing. He argues, in conclusory fashion, that this Court must hold an evidentiary hearing so he can develop the factual basis for his claims. *See* Petitioner Christopher Armijo's Objections to the Proposed Findings and Recommended Disposition (*Doc. 27*) at 3-11.

The case of *Medina v. Barnes*, 71 F.3d 363 (10th Cir. 1995), cited by Mr. Armijo, was decided under the pre-AEDPA version of 28 U.S.C. § 2254. To obtain an evidentiary hearing under Section 2254, as amended by AEDPA, Mr. Armijo "has the burden of first showing that he 'diligently sought to develop the factual basis underlying his habeas petition, but a state court [has] prevented him from doing so,' or that his evidentiary proffer falls within an exception to 28 U.S.C. § 2254(e)(2)'s ban on the admission of new evidence." *Wilson v. Sirmons*, 2008 WL 3166975, at *10 (quoting *Miller v. Champion*, 161 F.3d at 1253). Mr. Armijo has not shown that he satisfies these requirements. He has not shown that he diligently sought to develop the factual basis for his claims in the state habeas proceeding, and was prevented from doing so by the state courts, and he has not made a proffer of evidence that falls within an exception to the ban

on new evidence in Section 2254(e)(2). Consequently, the Court concludes that this objection has no merit.

*Other Objections*

The remainder of Mr. Armijo's objections have no merit and should also be overruled. These objections, which repeat many of the same arguments asserted by Mr. Armijo in his submissions to the Magistrate Judge, are conclusory, fail to reference specific portions of the PF&RD to which objection is being made, assert new arguments that were not raised by Mr. Armijo in his submissions to the Magistrate Judge, or are otherwise without merit.

*Conclusion*

Upon careful consideration of the record of this case, the PF&RD and Mr. Armijo's objections to the PF&RD, the Court finds that the Mr. Armijo's objections are without merit. Therefore, the Court will overrule the objections, adopt the PF&RD, deny Mr. Armijo's application for habeas relief as without merit, and enter a judgment dismissing this case with prejudice.

**IT IS THEREFORE ORDERED** that:

1. Petitioner Christopher Armijo's Objections to the Proposed Findings and Recommended Disposition (*Doc. 27*) are **OVERRULED**;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 24*) are **ADOPTED** by the Court;

3. Mr. Armijo's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (*Doc. 1*) is **DENIED** as without merit; and

4. This case be **DISMISSED WITH PREJUDICE** in a final judgment entered concurrently with this order.

**IT IS SO ORDERED** this 28th day of August, 2008.

_____
**HONORABLE M. CHRISTINA ARMIJO**
**United States District Judge**